## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALID A. MUHAMMAD,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:22-cv-01104** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **PSYCHOLOGIST VANDIME, <u>et al.</u>,** | : | |
| **Defendants** | : | |

### <u>MEMORANDUM</u>

<u>Pro se</u> Plaintiff Walid A. Muhammad ("Plaintiff") has brought the above-captioned action by filing a complaint pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983"). In accordance with the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court has conducted an initial review of Plaintiff's complaint and, for the reasons set forth below, the Court will dismiss Plaintiff's complaint, but without prejudice to him filing an amended complaint.

### I.    BACKGROUND

On July 15, 2022, Plaintiff, who is currently incarcerated at State Correctional Institution Mahanoy in Frackville, Pennsylvania ("SCI Mahanoy"), commenced the above-captioned action by filing a complaint pursuant to Section 1983 against the following Defendants, all of whom appear to work at SCI Mahanoy: Psychologist Vandime; Sergeant Correctional Officer Adams; Corrections Officers Cronin, Houser, Smith, Wynn, Jennings, and Steward; and Mogel Activities (collectively, "Defendants"). (Doc. No. 1.) On that same date, Plaintiff also filed a motion for leave to proceed <u>in forma pauperis</u> (Doc. No. 2), as well as his prisoner trust fund account statement (Doc. No. 3).

---

[1]  <u>See</u> The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

On August 4, 2022, the Court issued an Order denying Plaintiff's motion for leave to proceed in forma pauperis and directing him to pay the full filing of $402.00 within thirty (30) days. (Doc. No. 6 (explaining that Plaintiff, who has amassed three (3) strikes for purposes of 28 U.S.C. § 1915(g), could not proceed in forma pauperis because he failed to show that he was under imminent danger of serious physical injury at the time he filed his complaint).) In accordance with that Order, Plaintiff paid the full filing fee on August 23, 2022.

Turning to the complaint, Plaintiff asserts that the events giving rise to his claims occurred at SCI Mahanoy on December 22, 2021, and every day thereafter. (Doc. No. 1 at 6.) In support, he alleges—albeit broadly and vaguely—that Defendants are engaging in the following behavior: "aid[ing] and abetting, criminal capacity, entrapment, criminal infringement, infringement in the inducement, [and] aid[ing] or abet[ting] infringement[.]" (Id.) He also alleges that he is being "illtreated and discriminated against[.]" (Id. at 7.) In connection with these allegations, he claims that Defendants are violating his "human rights, equal rights[,] civil rights[, and] private rights" (id.) and that they have all conspired to commit these alleged violations (id. at 10). He also claims that Defendants are causing him to suffer from "persistent emotional pain and persistent emotional distress[.]" (Id. at 7.) He seeks monetary relief for his pain and suffering. (Id.)[2]

---

[2]  Attached to Plaintiff's form complaint are several pages of handwritten allegations, which reiterate, essentially, the same allegations that he has asserted in the body of his complaint. (Doc. No. 1 at 9-13 (asserting that he is suffering from persistent emotional pain and distress due to Defendants' criminal capacity, discrimination, aiding and abetting, entrapment, criminal infringement, infringement in the inducement, and aiding and abetting infringement).)

## II.    LEGAL STANDARD

Even though Plaintiff paid the requisite filing fee in this matter, the Court has the

authority to conduct an initial review of his complaint pursuant to 28 U.S.C. § 1915A ("Section

1915A").  See Shane v. Fauver, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the

district courts have the authority to review a prisoner complaint pursuant to Section 1915A(b)(1)

even if the prisoner is not proceeding in forma pauperis).  Under that Section, a federal district

court must "review . . . a complaint in a civil action in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity."  See 28 U.S.C. §

1915A(a).  If the complaint "is frivolous, malicious, or fails to state a claim upon which relief

may be granted," the Court must dismiss the complaint.  See 28 U.S.C. § 1915A(b)(1).

In dismissing claims under Section 1915A, district courts apply the standard governing

motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See

Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  To avoid dismissal under Rule

12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are

facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside,

578 F.3d 203, 210 (3d Cir. 2009).  When evaluating the plausibility of a complaint, the Court

accepts as true all factual allegations and all reasonable inferences that can be drawn from those

allegations, viewed in the light most favorable to the plaintiff.  See Iqbal, 556 U.S. at 678; In re

Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court need not

accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action"

will not survive a motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56

(2007).

In addition, and particularly relevant here, "[a] Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." See I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist., 842 F. Supp. 2d 762, 769-70 (M.D. Pa. 2012). As explained by the United States Court of Appeals for the Third Circuit:

> Rule 8(a) provides that any pleading that includes a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8(e) further provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 at 169 (2d ed. 1990).

See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). Thus, the statement required by Rule 8(a)(2) must give defendants fair notice of what the plaintiff's claims are and the grounds upon which those claims rest. See Erickson v. Pardus, 551 U.S. 89, 93 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." Fowler, 578 F.3d at 211. It "has to show such an entitlement with its facts." See id. (citation and internal quotation marks omitted).

In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson, 551 U.S. at 94 (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted)).

4

### III.   DISCUSSION

In the instant matter, Plaintiff filed his complaint pursuant to Section 1983, claiming that Defendants are violating his "human rights, equal rights[,] civil rights[, and] private rights" (Doc. No. 1 at 7) and that they have all conspired to commit these alleged violations (id. at 10).  The Court begins its discussion with Section 1983, which provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983.  Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."  See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted).  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right."  See id. (citation omitted).

### A.   Plaintiff's Complaint

In accordance with the pleading standard set forth above, the Court has carefully reviewed Plaintiff's complaint and finds that it fails to satisfy Rule 8's basic tenet that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  See Fed. R. Civ. P. 8(a)(2).  In particular, the Court finds that Plaintiff's complaint neither asserts the deprivation of any rights secured by the United States Constitution or federal statute, nor clearly sets forth the grounds upon which such asserted deprivations rest. See Erickson, 551 U.S. at 93.   Instead, the allegations in Plaintiff's complaint are broad, vague, and unintelligible.  As a result, the Court has been left—and Defendants, if served, would also be

left—to speculate as to what alleged conduct gives rise to the asserted harm in Plaintiff's complaint.

Thus, for all of these reasons, the Court finds that Plaintiff's complaint does not satisfy Rule 8.  See Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019) ("Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." (citation and internal quotation marks omitted)); see also Binsack v. Lackawanna County Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (unpublished) (affirming district court's dismissal of a complaint where it "defie[d] any attempt to meaningfully answer or plead to it, and it left the defendants having to guess what of the many things discussed constituted [a cause of action]"); Tillio v. Spiess, 441 F. App'x 109, 110 (3d Cir. 2011) (unpublished) (stating that a federal "district court may sua sponte dismiss a complaint for failure to comply with Rule 8, but dismissal is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised" (citation and internal quotation marks omitted)).[3]  Accordingly, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

---

[3]  In this particular section, the Court has cited to non-precedential opinions ("NPOs") from the United States Court of Appeals for the Third Circuit.  The Court notes that these NPOs contain persuasive reasoning and, thus, they have been used as a paradigm of legal analysis for this decision.  See New Jersey, Dep't of Treasury, Div. of Inv. v. Fuld, 604 F.3d 816, 823 (3d Cir. 2010) (observing that an NPO "is only as persuasive as its reasoning"); Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996) (looking to a factually similar NPO "as a paradigm of the legal analysis").

**B.      Leave to Amend**

The final issue is whether Plaintiff should be granted leave to file an amended complaint. Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962). However, the Court may deny a motion to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  See id.  The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based upon the foregoing, the Court cannot conclude that it would be futile to allow Plaintiff to file an amended complaint in order to attempt to cure the deficiencies identified above.  Thus, the Court will allow Plaintiff to file an amended complaint.  Plaintiff is advised that the amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed. The amended complaint shall set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  And, finally, Plaintiff is cautioned that neither conclusory allegations nor broad, vague, or unintelligible allegations will set forth a cognizable claim.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's complaint (Doc. No. 1) will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).  The Court will afford Plaintiff thirty (30) days from the date of the accompanying Order in which to file an amended complaint in conformance with the discussion herein.  An appropriate Order follows.