IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALID A. MUHAMMAD,       : | | |
|     Plaintiff     : | | |
|                            : | No. 1:22-cv-01104 | |
|     v.        : | | |
|                            : | (Judge Kane) | |
| PSYCHOLOGIST VANDIME, et al.,   : | | |
|     Defendants     : | | |

**MEMORANDUM**

Pro se Plaintiff Walid A. Muhammad ("Plaintiff"), who is a state prisoner in the custody of the Pennsylvania Department of Corrections, is currently incarcerated at State Correctional Institution Mahanoy in Frackville, Pennsylvania ("SCI Mahanoy"). He commenced the above-captioned action by filing an original complaint pursuant to the provisions of 42 U.S.C. § 1983, claiming that Defendants violated his rights while he has been incarcerated there. In accordance with the Prison Litigation Reform Act,[1] the Court conducted an initial review of Plaintiff's original complaint and found that it failed to state a claim upon which relief could be granted. Thus, the Court dismissed Plaintiff's original complaint, but granted him leave to file an amended complaint. Plaintiff has now filed an amended complaint. For the reasons set forth below, the Court will dismiss the amended complaint and deny him any further leave to amend.

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

I.      BACKGROUND

     A.      **Original Complaint**

On July 15, 2022, Plaintiff filed his original Section 1983 complaint against the following Defendants, all of whom appear to work at SCI Mahanoy: Psychologist Vandime; Sergeant Correctional Officer Adams; Corrections Officers Cronin, Houser, Smith, Wynn, Jennings, and Steward; and Mogel Activities. (Doc. No. 1.) On that same date, Plaintiff also filed a motion for leave to proceed in forma pauperis (Doc. No. 2), as well as his prisoner trust fund account statement (Doc. No. 3).

On August 4, 2022, the Court issued an Order denying Plaintiff's motion for leave to proceed in forma pauperis and directing him to pay the full filing of $402.00 within thirty (30) days. (Doc. No. 6 (explaining that Plaintiff, who has amassed three (3) strikes for purposes of 28 U.S.C. § 1915(g), could not proceed in forma pauperis because he failed to show that he was under imminent danger of serious physical injury at the time he filed his complaint).) In accordance with that Order, Plaintiff paid the full filing fee on August 23, 2022.

In the original complaint, Plaintiff asserted that the events giving rise to his claims occurred at SCI Mahanoy on December 22, 2021, and every day thereafter. (Doc. No. 1 at 6.) In support, he alleged—albeit broadly and vaguely—that Defendants are engaging in the following behavior: "aid[ing] and abetting, criminal capacity, entrapment, criminal infringement, infringement in the inducement, [and] aid[ing] or abet[ting] infringement[.]" (Id.) He also alleged that he is being "illtreated and discriminated against[.]" (Id. at 7.) In connection with those allegations, he claimed that Defendants are violating his "human rights, equal rights[,] civil rights[, and] private rights" (id.) and that they all conspired to commit these alleged violations (id. at 10). He also claimed that Defendants are causing him to suffer from "persistent emotional

pain and persistent emotional distress[.]" (Id. at 7.) He sought monetary relief for his pain and suffering. (Id.)[2]

On November 10, 2022, the Court conducted an initial review of the original complaint and found that it failed to state a claim upon which relief could be granted. (Doc. Nos. 18, 19.) In particular, the Court found that the original complaint failed "to satisfy Rule 8's basic tenet that a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" (Doc. No. 18 at 5 (quoting Fed. R. Civ. P. 8(a)(2).) Thus, the Court dismissed the original complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). (Doc. Nos. 18, 19.) However, the Court afforded Plaintiff the opportunity to file an amended complaint within thirty (30) days. (Id.)

**B.     Amended Complaint**

Plaintiff filed his amended Section 1983 complaint on December 1, 2022. (Doc. No. 20.) He once again names the following Defendants: Psychologist Vandime; Sergeant Correctional Officer Adams; Corrections Officers Cronin, Hauser, Smith, Wynn, Jennings, and Steward; and Activities Moyel (collectively, "Defendants").[3] (Doc. No. 20 at 1-5.) He also names, for the first time, the following Defendants: Major Sokaloski and Counselor Bolts. (Id.)

---

[2] Attached to Plaintiff's original complaint are several pages of handwritten allegations, which reiterate, essentially, the same allegations that he asserted in the body of his complaint. (Doc. No. 1 at 9-13 (asserting that he is suffering from persistent emotional pain and distress due to Defendants' "criminal capacity," discrimination, aiding and abetting, entrapment, "criminal infringement," "infringement in the inducement," and "aiding and abetting infringement").)

[3] In the original complaint, Defendant Hauser was spelled as "Houser" and Defendant Activities Moyel was spelled as "Mogel Activities[.]" Compare (Doc. No. 1) with (Doc. No. 20). Although these Defendants have been spelled differently from the original complaint to the amended complaint, the Court presumes that these are the same Defendants.

3

In the amended complaint, Plaintiff asserts that the events giving rise to his claims occurred at SCI Mahanoy on November 10, 2022, "when the [D]efendants became unjust and impute[,]" and every day thereafter (Id. at 6.)  In support, Plaintiff alleges that Defendants caused, among other things, "irk [and] overwhelm, involuntary restraints, beguile impute, [and] unlawfully brunt rigged inward infest[.]"  (Id.)  Plaintiff also alleges that Defendants are "persistent in wrongdoing" and that "they are compelling coerce 'beredue' [sic]  unlawful actions, hostile troublesome prejudice provocations[,] committing tension, sedition, conspiracy, intimidation, malicious abandonment and criminal behavior[.]"  (Id.)

In connection with these allegations, Plaintiff asserts that "[his] rights that are being violated are ordinance regulation custom usage rights privileges and immunities or a private person by way of a rigged unward [sic] infest."  (Id. at 7; id. (claiming that "[his] individual rights privileges and immunities are deprived").)  In addition, he claims that this is causing "anathema, calumny detriment strain and pain and suffering impend."  (Id. at 6; id. at 7 (alleging that Defendants are causing "calumny, detriment strain to [his] head, eyes[,] and body inward underhanded surreptitious mental injuries").)  Finally, he states that he is "seeking both types of reliefs, monetary relief." [4]  (Id.)

---

[4]  Since filing the amended complaint, Plaintiff has submitted a number of documents to the Court pertaining to, inter alia, discovery in this matter.  Because the Court will dismiss Plaintiff's amended complaint without any further leave to amend, no action will be taken on Plaintiff's documents.  (Doc. Nos. 24-45.)  Additionally, Plaintiff's pending motion for summary judgment will be denied as moot.  (Doc. No. 21.)

## II. LEGAL STANDARD

Even though Plaintiff paid the requisite filing fee in this matter, the Court has the authority to conduct an initial review of his complaint pursuant to 28 U.S.C. § 1915A ("Section 1915A"). See Shane v. Fauver, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to review a prisoner complaint pursuant to Section 1915A(b)(1) even if the prisoner is not proceeding in forma pauperis). Under that Section, a federal district court must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. See 28 U.S.C. § 1915A(b)(1).

In dismissing claims under Section 1915A, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 678; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court need not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

In addition, and particularly relevant here, "[a] Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." See I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist., 842 F. Supp. 2d 762, 769-70 (M.D. Pa. 2012). As explained by the United States Court of Appeals for the Third Circuit:

> Rule 8(a) provides that any pleading that includes a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8(e) further provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 at 169 (2d ed. 1990).

See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). Thus, the statement required by Rule 8(a)(2) must give defendants fair notice of what the plaintiff's claims are and the grounds upon which those claims rest. See Erickson v. Pardus, 551 U.S. 89, 93 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." Fowler, 578 F.3d at 211. It "has to show such an entitlement with its facts." See id. (citation and internal quotation marks omitted).

In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson, 551 U.S. at 94 (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted)).

6

### III. DISCUSSION

Plaintiff filed his amended complaint pursuant to Section 1983, claiming that Defendants have been violating his rights at SCI Mahanoy since November 10, 2022. (Doc. No. 20 at 6.) The Court begins its discussion with Section 1983, which provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983. Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." See id. (citation omitted).

#### A. Plaintiff's Amended Complaint

In accordance with the pleading standard set forth above, the Court has carefully reviewed Plaintiff's amended complaint and finds that it fails to satisfy Rule 8's basic tenet that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" See Fed. R. Civ. P. 8(a)(2). In particular, the Court finds that Plaintiff's amended complaint neither asserts a deprivation of any rights secured by the United States Constitution or federal statute, nor clearly sets forth the grounds upon which such asserted deprivations rest. See Erickson, 551 U.S. at 93. Instead, the allegations in Plaintiff's amended complaint are broad, vague, and unintelligible. See, e.g., (Doc. No. 20 at 7 (claiming that "[his] rights that are being violated are ordinance regulation custom usage rights privileges and

immunities"); id. (claiming that "[his] individual rights privileges and immunities are deprived").) As a result, the Court has been left—and Defendants, if served, would also be left—to speculate as to what alleged conduct gives rise to the asserted harm in Plaintiff's amended complaint.

Thus, the Court finds that Plaintiff's amended complaint, much like his original complaint, does not satisfy Rule 8 of the Federal Rules of Civil Procedure. As a result, the Court concludes that Plaintiff's amended complaint is subject to dismissal for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). See Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019) (stating that, "[n]aturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8" (citation and internal quotation marks omitted)); Binsack v. Lackawanna County Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (unpublished) (affirming district court's dismissal of a complaint where it "defie[d] any attempt to meaningfully answer or plead to it, and it left the defendants having to guess what of the many things discussed constituted [a cause of action]"); Tillio v. Spiess, 441 F. App'x 109, 110 (3d Cir. 2011) (unpublished) (stating that a federal "district court may sua sponte dismiss a complaint for failure to comply with Rule 8, but dismissal is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised" (citation and internal quotation marks omitted)).[5]

---

[5] In this particular section, the Court has cited to non-precedential opinions ("NPOs") from the United States Court of Appeals for the Third Circuit. The Court notes that these NPOs contain persuasive reasoning and, thus, they have been used as a paradigm of legal analysis for this decision. See New Jersey, Dep't of Treasury, Div. of Inv. v. Fuld, 604 F.3d 816, 823 (3d Cir. 2010) (observing that an NPO "is only as persuasive as its reasoning"); Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996) (looking to a factually similar NPO "as a paradigm of the legal analysis").

**B.     Leave to Amend**

The final issue is whether Plaintiff should be granted leave to file a second amended complaint.  Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962).  However, the Court may deny a motion to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  See id.  The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based upon the foregoing, the Court concludes that it would be futile to allow Plaintiff to file a second amended complaint.  The Court previously informed Plaintiff of the original complaint's failure to satisfy Rule 8 of the Federal Rules of Civil Procedure and granted Plaintiff an opportunity to cure this deficiency by filing an amended complaint that complies with Rule 8.  Although Plaintiff filed an amended complaint, he has not cured such deficiencies and, thus, granting Plaintiff any further leave to amend would be futile.

IV.    CONCLUSION

For the foregoing reasons, Plaintiff's amended complaint (Doc. No. 20) will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).  An appropriate Order follows.